### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| WUHAN HEALTHGEN BIOTECHNOLOGY CORP. et al., | ) ) ) |
| Plaintiffs, | ) ) No. 24-4089-KHV-ADM |
| v. | ) ) ) |
| EXPRESSTEC LLC et al. | ) ) |
| Defendants. | ) ) ) |

### MEMORANDUM AND ORDER

This matter is before the court on two motions: (1) Defendants/ Counterclaimants' InVitria, Inc., Ventria Bioscience Inc., and ExpressTec LLC's (collectively, "InVitria") Unopposed Motion to Seal InVitria's Batch Records and to Redact Motion for Protective Order, Weber Declarations, Wood Declaration, and Plaintiffs' Exhibit 2-8; and (2) Plaintiffs/Counter-Defendants Wuhan Healthgen Biotechnology Corporation and Healthgen Biotechnology Co., Ltd.'s ("Healthgen") Unopposed Motion to Seal Exhibit 2-10. (ECF 117, 118.) For the reasons discussed below, InVitria's motion is granted and Healthgen's motion is denied.

Federal courts have long recognized a common-law right of access to judicial records. *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. *See Nixon v. Warner Commc'ns*, 435 U.S. 589, 599 (1978); *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980). The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents. *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012). To do so, the party must articulate a real and substantial interest that justifies

depriving the public of access to the records that inform the court's decision-making process. *Id.; see also Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements"). The court must rely on specific, rather than general, information when deciding to seal. *See United States v. Bacon*, 950 F.3d 1286, 1294 (10th Cir. 2020).

1. **Sealing InVitria's Batch Records**

InVitria seeks to permanently seal the following batch records, which were filed as exhibits to InVitria's Motion for Protective Order and to Healthgen's Response to InVitria's Motion for Protective Order (ECF 110, 112):

| ECF Filing No. | Exhibit Reference | Description |
| --- | --- | --- |
| 110-3 | Exhibit B | Cellastim® S Batch Record PP092-13 (INVITRIA0020612–61) |
| 110-4 | Exhibit C | Exbumin® Batch Record PP119-08 (INVITRIA0018858–906) |
| 110-5 | Exhibit D | Cellastim® S/Exbumin® Extraction Buffer PP053F54 (INVITRIA0020664–65) |
| 110-6 | Exhibit E | Optibumin® Batch Record P114-01 (INVITRIA0018921–76) |
| 110-7 | Exhibit F | Optibumin® Extraction Buffer PP053F77 (INVITRIA0018911–12) |
| 110-8 | Exhibit G | Optibumin® Batch Record P154-03 (INVITRIA0019145–99) |
| 110-9 | Exhibit H | Optibumin® Extraction Buffer PP053F50 (INVITRIA0018907–08) |
| 110-10 | Exhibit I | ITSE + A™ Batch Record PP105 (INVITRIA0020146–56) |
| 110-11 | Exhibit J | OptiVERO™ Batch Record PP146 (INVITRIA0019989–20015) |
| 110-12 | Exhibit K | OptiPEAK® Batch Record P0621S (INVITRIA0019986) |
| 110-13 | Exhibit L | OptiPEAK® Batch Record P0502 (INVITRIA0019984) |

| ECF Filing No. | Exhibit Reference | Description |
|---|---|---|
| 112-4 | Exhibits 1-3 to Wood Decl. | Optibumin® Batch Record PP154 (INVITRIA CORE_000128–82) |

(ECF 117, at 1-2.) InVitria points out that these exhibits are all batch records showing the processes used to extract and purify InVitria's recombinant human serum albumin products and the composition of extraction buffers InVitria uses to extract crude rHSA from rice. InVitria asserts that these processes and compositions are InVitria's "proprietary trade secrets, which it maintains in strict confidence via multi-layered physical and electronic security systems." (ECF 117, at 3.) InVitria further asserts that the disclosure of these trade-secret processes and compositions to actual or potential competitors "would harm InVitria's business and financial interests" because these competitors "could use the information to replicate InVitria's methods for extracting and purifying rHSA from rice." (*Id*. at 4.) For essentially the reasons articulated in the briefing on InVitria's Motion for Protective Order, the court is persuaded that InVitria takes reasonable efforts to maintain the secrecy of these batch records such that they likely qualify as trade secrets and that disclosure of these documents would likely cause financial and competitive harm to InVitria's business. And InVitria's interest in keeping the details in the batch records confidential outweighs the public interest in accessing the information disclosed in these documents. Moreover, the court sees no reason that the specific details contained in the batch records are particularly material to the issues raised in InVitria's motion for protective order. Accordingly, the court grants InVitria's motion to the extent that InVitra seeks to permanently seal its batch records.

### 2. Redactions to Motion for Protective Order, Weber Declarations, Wood Declaration, and Exhibit 2-8

InVitria also seeks to redact portions of its Motion for Protective Order, portions of the expert declarations filed in support of the parties' briefs, and portions of correspondence between the parties' counsel that Healthgen attached as an exhibit to its opposition to the Motion for Protective Order. (ECF 117, at 5-7.) InVitria argues that these portions of the expert declarations detail information about InVitria's processes and compositions set forth in its batch records. Likewise, InVitria's motion for protective order summarizes some of its expert's explanations regarding the rHSA batch records. In addition, parts of the correspondence between the parties' counsel (ECF 112-13 (Ex. 2-8)) discuss the substance of InVitria's processes and compositions. (*Id*. at 5-6.) InVitria contends that the proposed redactions "all relate to the same proprietary, trade-secret processes and formulas set forth in InVitria's batch records" and are narrowly tailored to redact only those portions of the documents that quote, explain, or otherwise reference the details of InVitria's rHSA processes and the composition of extraction buffers used in those processes. (*Id*. at 7.) For the same reasons the court granted InVitria's motion to seal its batch records, and because InVitria's proposed redactions appear to be narrowly tailored to the asserted confidentiality interest, the court grants InVitria's motion to the extent that Invitra seeks to file redacted versions of the Motion for Protective Order (ECF 110), expert declarations (ECF 110-2, 112-1, 114-2), and attorney correspondence (ECF 112-13) so that the portions of those documents discussing the processes and compositions set forth in InVitria's batch records are redacted in the publicly accessible versions.

### 3. Exhibit 2-10 attached to Healthgen's Opposition

Healthgen's motion and memorandum in support (ECF 118, 119) asks the court to seal Exhibit 2-10 (ECF 112-15) attached to Healthgen's Opposition to InVitria's Motion for Protective

Order.  This exhibit is a Settlement Agreement and Release dated June 26, 2013, between InVitria and Dr. Daichang Yang, who is the co-founder of Healthgen and a former InVitria employee. Healthgen asserts that the settlement agreement should be sealed because it discloses confidential, business, and commercial information concerning an unrelated litigation and negotiated terms that led to its dismissal, and that these negotiated terms and conditions "are subject to its confidentiality provision and have been maintained under strict confidence since its execution." (ECF 119, at 4.) Healthgen argues that it would suffer harm from breaching the confidentiality provision of the agreement, as well as "damage to business relationships, damage to commercial standing, and other irreparable harm from its competitors having access to the confidential and business information in the Agreement." (*Id.*)  But the settlement agreement is over 10 years old and contains mostly standard terms.  It is unclear what "confidential and business information" in the settlement agreement would cause such irreparable harm.  Healthgen does not specifically explain "how any competitor could gain such a competitive advantage from access to the information in the settlement agreement or how they likely will be exposed to lawsuits for breach of contract." *Cooper-Clark Found. v. Scout Energy Mgmt., LLC*, No. 22-cv-4048-KHV, 2024 WL 2721762, at *1 (D. Kan. May 28, 2024) (denying portion of motion seeking to redact agreements that had confidentiality and nondisclosure provisions that would be breached if they were disclosed to the public); *see also United States v. Carter*, No. 12-20066-38-KHV, 2020 WL 4673213, at *1 (D. Kan. Aug. 12, 2020) ("The Court's constitutional duties do not include asserting arguments for sealing records or ferreting out authorities and identifying factors which are necessary for it to conduct the nuanced balancing of the public's right of access against defendant's interest in non-

disclosure.").[1]  Healthgen has not submitted any specific argument or facts to establish that the alleged confidentiality of the settlement agreement outweighs the presumption of public access. Nor did Healthgen seek to redact only narrowly tailored provisions that it contends are particularly sensitive.  Instead, Healthgen sought to seal the entire document—despite the court's prior warning to the parties that they should "proceed under the assumption that the court is generally inclined to deny any motion to seal" that is "overzealous and/or not properly supported" and the court's cautionary note that future motions to seal should "ask that only the most truly sensitive information be withheld from the public record."  (ECF 107, at 2.)  The court therefore denies Healthgen's motion to seal Exhibit 2-10 attached to Healthgen's Opposition to InVitria's Motion for Protective Order.

### 4. The Parties Must Make the Appropriate Filings in the Public Record

To avoid piecemeal filings and to simplify the record, the court directs that the parties' provisionally sealed filings—specifically, ECF 110 and its exhibits, ECF 112 and its exhibits, and ECF 114 and its exhibits—are to remain under seal, and the Clerk is to remove the word "Provisionally" from these entries.  The court further directs the parties to refile the documents in the public record with the redactions and sealing of exhibits allowed by this order, as shown in the tables below.

Pursuant to D. Kan. Rule 5.4.2(d), InVitria is responsible, as the party that provisionally filed under seal the Motion for Protective Order (ECF 110) and the Reply in Support of the Motion for Protective Order (ECF 114), for complying with this order by making the appropriate filings in the public record, as shown in the table below:

---

[1] The parties would be well advised to review these two court decisions denying motions to seal, as they were authored by the same district judge presiding over this case.

| ECF # | Description | To be Filed in Public Record, Sealed, or Redacted |
|---|---|---|
| 110 | InVitria's Motion for Protective Order | To be filed in the public record using the Redacted Document event, with redactions InVitria requested (highlighted in yellow). |
| 110-1 | Scott R. Brown Declaration | To be filed in the public record. |
| 110-2 | Exhibit A, Weber Declaration | To be filed in the public record using the Redacted Document event, with redactions InVitria requested (highlighted in yellow). |
| 110-3 through 110-13 | Exhibits B through L, Batch Records | File slip sheets in the public record describing these exhibits and noting that they are being maintained under seal. |
| 110-14 through 110-17 | Exhibits M through P | To be filed in the public record. |
| 110-18 | Exhibit List | To be filed in the public record. |
| 114 | InVitria's Reply in Support of Motion for Protective Order | To be filed in the public record using the Redacted Document event, with redactions InVitria requested (highlighted in yellow). |
| 114-1 | Brown Declaration | To be filed in the public record. |
| 114-2 | Exhibit Q, Weber Reply Declaration | To be filed in the public record using the Redacted Document event, with redactions InVitria requested (highlighted in yellow). |
| 114-3 through 114-6 | Exhibits R through U | To be filed in the public record. |
| 114-7 | Exhibit List | To be filed in the public record. |

As the party that provisionally filed under seal the Response to the Motion for Protective Order (ECF 112), Healthgen is responsible for complying with this order by making the appropriate filings in the public record, as shown in the table below:

| ECF # | Description | To be Filed in Public Record, Sealed, or Redacted |
|---|---|---|
| 112 | Healthgen's Response to Motion for Protective Order | To be filed in the public record. |

| 112-1 | Ex. 1, Wood Declaration | To be filed in the public record using the Redacted Document event, with redactions InVitria requested (highlighted in yellow). |
|---|---|---|
| 112-2 through 112-3 | Ex. 1-1 through Ex. 1-2 | To be filed in the public record. |
| 112-4 | Ex. 1-3, Batch Record | File slip sheet in the public record describing the exhibit and noting that it is being maintained under seal. |
| 112-5 | Ex. 2, Sharmeen Declaration | To be filed in the public record. |
| 112-6 through 112-12 | Ex. 2-1 through Ex. 2-7 | To be filed in the public record. |
| 112-13 | Ex. 2-8, Correspondence from InVitria to Healthgen | To be filed in the public record using the Redacted Document event, with redactions InVitria requested (highlighted in yellow). |
| 112-14 through 112-16 | Exhibits 2-9 through 2-11 | To be filed in the public record. |
| 112-17 | Exhibit List | To be filed in the public record. |

**IT IS THEREFORE ORDERED** that InVitria's Unopposed Motion to Seal InVitria's Batch Records and to Redact Motion for Protective Order, Weber Declarations, Wood Declaration, and Plaintiffs' Exhibit 2-8 (ECF 117) is granted.

**IT IS FURTHER ORDERED** that Healthgen's Unopposed Motion to Seal Exhibit 2-10 (ECF 118) is denied.

**IT IS FURTHER ORDERED** that InVitria and Healthgen must refile these documents in the public record in compliance with this order, as shown in the tables above.

**IT IS FURTHER ORDERED** that the Clerk of Court is ordered to remove the word "Provisionally" from the docket entries at ECF 110, 112, and 114; these docket entries are to remain under seal.

9

**IT IS SO ORDERED.**

Dated January 21, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge