IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| WUHAN HEALTHGEN BIOTECHNOLOGY CORPORATION, et al., ) ) ) | | |
| Plaintiffs, ) | CIVIL ACTION | |
| ) | | |
| v. ) | No. 24-4089-KHV | |
| ) | | |
| EXPRESSTEC LLC, et al., ) ) ) | | |
| Defendants. ) _____) | | |
| ) | | |
| VENTRIA BIOSCIENCE INC., ) ) | | |
| Plaintiff, ) | CIVIL ACTION | |
| ) | | |
| v. ) | No. 21-4008-KHV | |
| ) | | |
| WUHAN HEALTHGEN BIOTECHNOLOGY CORP., ) ) ) | | |
| ) | | |
| Defendant. ) _____) | | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Unopposed Motion To Seal Exhibits R, K, J, Q, M, And H To Plaintiffs' Motion To Compel Production Of Documents (Doc. #213 filed in Case No. 24-4089) filed July 25, 2025. For reasons stated below, the Court sustains in part and overrules in part defendants' motion.

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that parties present to a public forum for resolution. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). In determining whether documents should be sealed, the Court

weighs the public interest, which it presumes is paramount, against the interests advanced by the parties.  Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011).  The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents.  Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012).  To do so, the party must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process.  Id.; see also Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements").  The Court must rely on specific, rather than general, information when deciding to seal.  See United States v. Bacon, 950 F.3d 1286, 1294 (10th Cir. 2020).

On July 16, 2025, plaintiffs filed a motion to compel production of documents, along with 19 provisionally sealed exhibits in support of their motion.  See Plaintiffs' Motion To Compel Production Of Documents (Doc. #205 filed in Case No. 24-4089).  On July 25, 2025, defendants filed this motion, seeking to permanently seal six of plaintiffs' exhibits, which include defendants' (1) batch record, (2) internal testing data and certificates of analysis and (3) internal revenue and sales information.  See Defendants' Motion To Seal (Doc. #213).[1]  Plaintiffs do not oppose defendants' motion to seal.  See Healthgen's Statement Of Non-Opposition To Defendants' Motion To Seal Or Redact Document(s) (Doc. #215 filed in Case. No. 24-4089) filed July 29, 2025.

---

[1] Under Local Rule, 5.4.2, a proponent seeking to maintain any portion of a document under seal "must file a motion to seal or redact in the public record. . . . within 7 days after the document is filed provisionally under seal."  D. Kan. Rule 5.4.2(c).  To avoid injustice, however, the Court will consider defendants' motion out of time.  See D. Kan. Rule 1.1(b)(2).

**I.      Defendants' Confidential Batch Record**

Defendants ask the Court to seal Exhibit R, a batch record which shows the processes defendants use to extract and purify their Optibumin product.  Defendants assert that the Court should seal Exhibit R because it describes in detail processes and compositions which competitors could use to replicate defendants' methods for extracting and purifying rHSA from rice, which would harm defendants' business and financial interests.  Defendants argue that they maintain these proprietary trade secrets in strict confidence using multi-layered physical and electronic security systems, and that they designated these records as "Highly Confidential—Outside Attorneys' Eyes Only" under the protective order.

The fact that a party designated documents as "confidential" under a protective order does not in itself provide sufficient reason to seal.  Carfusion 213, LLC v. Prof'l Disposables, Inc., No. 09-2616-KHV, 2010 WL 2653643, at *1 (D. Kan. June 29, 2010); see also Helm, 656 F.3d at 1292 (parties cannot overcome presumption against sealing simply by showing records are subject to protective order).  On the other hand, defendants have shown that due to their security measures, competitors could not otherwise access their processes and compositions.  Defendants have also specifically explained how disclosure would harm them.  On balance, defendants have shown that their interests outweigh the public interest in access to the materials that form part of the basis of this lawsuit.  See Colony Ins., 698 F.3d at 1241.  The Court therefore sustains defendants' motion to seal Exhibit R.

**II.     Defendants' Internal Testing Data And Certificate Of Analysis**

Defendants ask the Court to seal Exhibit J, a certificate of analysis of defendants' Cellastium product which details many private characteristics of the product, and Exhibit K, an Excel spreadsheet which details testing runs of defendants' Cellastium product.  Defendants assert

that the Court should seal these exhibits because they are part of defendants' trade secret and confidential research and development process. Defendants argue that they maintain their certificates of analysis under multi-layered physical and electronic security systems, and that their competitors could use their confidential research and development information to harm them.

As with their batch record, defendants have shown that competitors could not otherwise access their certificates of analysis, and defendants have explained how disclosure would harm them. On balance, defendants have shown that their interests outweigh the public interest in access to the materials that form part of the basis of this lawsuit. See id. The Court therefore sustains defendants' motion to seal Exhibits J and K.

### III.     Defendants' Internal Revenue And Sales Information

Defendants ask the Court to seal Exhibits H, M and Q which disclose confidential internal sales and revenue documents including customer names and financial statements. Specifically, Exhibit H discloses invoice amounts from defendants' customers, and Exhibits M and Q contain board of director meeting PowerPoint presentations that contain information such as defendants' pricing structure, manufacturing plans and internal costs of production. Defendants assert that they would be harmed if their direct competitors received their confidential list of customers, internal revenue strategies and other financial information.

Defendants have not specifically explained how disclosure of this information would harm them. Defendants also have not shown that their competitors could not otherwise obtain this information. On this record, defendants have not met the heavy burden to articulate a real and substantial interest which justifies depriving the public access to the records which inform the Court's decision process. See id. (denying motions to seal where parties did not submit specific argument or facts indicating why confidentiality of settlement agreements outweighs presumption

of public access). Accordingly, the Court overrules defendants' motion to seal Exhibits H, M and Q.

**IT IS THEREFORE ORDERED** that Defendants' Unopposed Motion To Seal Exhibits R, K, J, Q, M, And H To Plaintiffs' Motion To Compel Production Of Documents (Doc. #213 filed in Case No. 24-4089) filed July 25, 2025 is **SUSTAINED as to Exhibits R, J and K and is otherwise OVERRULED. The Court directs the Clerk to unseal the following provisionally sealed exhibits filed in support of plaintiffs' motion to compel production of documents: Docs. #205-9, 205-14 and 205-18.**

Dated this 13th day of August, 2025 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge