**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| WUHAN HEALTHGEN BIOTECHNOLOGY CORPORATION, et al., <br><br> Plaintiffs / Counterdefendants, <br><br> v. <br><br> EXPRESSTEC LLC, et al., <br><br> Defendants / Counterclaimants. | Case No. 24-4089-KHV-ADM |
| VENTRIA BIOSCIENCE INC., <br><br> Plaintiff, <br><br> v. <br><br> WUHAN HEALTHGEN BIOTECHNOLOGY CORP., <br><br> Defendant. | Case No. 21-4008-KHV-ADM |

**MEMORANDUM AND ORDER**

This consolidated case currently involves claims of patent infringement by Plaintiffs/Counter-Defendants and Consolidated Defendants Wuhan Healthgen Biotechnology Corporation and Healthgen Biotechnology Co., Ltd. (collectively, "Healthgen") and counterclaims seeking declaratory judgment of noninfringement and invalidity by Defendants/Counter-Claimants and Consolidated Plaintiffs InVitria, Inc., Ventria Bioscience Inc., and ExpressTec LLC's (collectively, "InVitria").[1]  Healthgen and InVitria are essentially the only manufacturers

---

[1] On August 13, 2025, the undersigned was notified that the parties had sent correspondence to the district judge on August 8 stating that InVitria will withdraw its infringement claims for U.S. Patent Nos. 11,492,389 ("the '389 patent") and 10,618,951 ("the '951 patent"). (ECF 221.)  Although InVitria has not yet filed a document confirming its dismissal of

1

of plant-derived recombinant human serum albumin ("rHSA") in the world.  The case is now before the court on Healthgen's motion to compel production of documents.  (ECF 205.)  By way of the motion, Healthgen asks the court to order InVitria to produce technical and sales documents responsive to RFP Nos. 52, 53, 58, and 59.  InVitria asserts that it has produced all documents in its possession that are responsive to the requests for production.  InVitria complains that Healthgen's motion seeks to expand the document requests into broad categories that go beyond the scope of the actual requests for production, while Healthgen contends that its document categories are the result of Healthgen's narrowing of requested document types after the parties' meet-and-confer.  Following InVitria's announcement that it is withdrawing its infringement claims as to the '389 patent and the '951 patent, the parties confirmed that two of the three document categories in Healthgen's motion to compel are no longer at issue.  Thus, the court focuses on the remaining category:  InVitria's developmental documents for the manufacturing process of the accused products.

     For the reasons explained below, the court finds that the documents sought by Healthgen are relevant and within the scope of the requests.  The court therefore orders InVitria to serve supplemental responses to Healthgen's requests for production by **August 29, 2025**, that unconditionally state that InVitria has produced all responsive documents and no further responsive documents are within InVitria's possession, custody, or control.  To the extent that there are outstanding responsive documents within InVitria's possession, custody, or control, InVitria must produce those documents by **August 29, 2025**, so that its document production aligns

---

these two patents, the court issues this memorandum and order with the understanding that these two patents are no longer part of the case.

with its supplemental responses to Healthgen's requests for production. Accordingly, Healthgen's motion to compel is granted.

I.     **LEGAL STANDARD**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). At the discovery stage, relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *see Rowan v. Sunflower Elec. Power Corp.*, No. 15-9227, 2016 WL 3745680, at *2 (D. Kan. July 13, 2016) (applying *Oppenheimer* after the 2015 amendment to Rule 26); *see also Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 469 (D.N.M. 2018) (analyzing the 2015 amendment and concluding that it did not change the scope of discovery but clarified it, and therefore *Oppenheimer* still applies).

Federal Rule of Civil Procedure 34 obligates parties responding to an RFP to produce documents within their custody, possession, or control. FED. R. CIV. P. 34(a)(1). The court cannot compel a party to produce documents that do not exist or are not in the responding party's custody, possession, or control. *Manning v. Gen. Motors*, 247 F.R.D. 646, 652 (D. Kan. 2007). "The party moving to compel production has the burden of establishing that there are responsive documents in the responding party's 'possession, custody, or control.'" *Consumer Fin. Prot. Bureau v. Integrity Advance, LLC*, No. 21-MC-206-JWL, 2022 WL 293240, at *4 (D. Kan. Feb. 1, 2022) (quoting *Norman v. Young*, 422 F.2d 470, 472-73 (10th Cir. 1970)).

"Generally, when a party responding to discovery requests states that it has fully responded, the court will not compel further responses unless the moving party has presented information that calls into question the veracity of the responding party's representation." *F.D.I.C. v. McCaffree*,

289 F.R.D. 331, 338 (D. Kan. 2012); *see also Manning*, 247 F.R.D. at 652 (same); *Sonnino v. Univ. Kansas Hosp. Auth.*, 220 F.R.D. 633, 640 (D. Kan. 2004) (same); *Super Film of Am., Inc. v. UCB Films, Inc.*, 219 F.R.D. 649, 651 (D. Kan. 2004) (same). If the documents sought were at one time in the party's possession, custody, or control but are no longer, "the requesting party is entitled to some explanation regarding the final disposition of the desired papers" so that the discovering party can determine whether to explore other avenues for production. *Lone Star Steakhouse & Saloon, Inc. v. Liberty Mut. Ins. Grp.*, No. 02-1185, 2003 WL 21659662, at *3 (D. Kan. June 4, 2003).

## II.    ANALYSIS

Because relevance is broadly construed at the discovery stage, "a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." *Waters v. Union Pacific R.R. Co.*, No. 15-1287-EFM, 2016 WL 3405173, at *1 (D. Kan. June 21, 2016) (citation modified). The relevance of the documents sought by Healthgen are not truly in dispute. Although InVitria formally objected to RFP Nos. 52, 58, and 59 on relevance grounds to the extent the requests seek documents regarding non-accused products and products that were not manufactured, sold, offered for sale, or imported by InVitria during the relevant damages period, InVitria appears to have produced documents regarding non-accused products as well as documents regarding product sales beyond the relevant damages period. For example, in response to RFP Nos. 52 and 58, InVitria contends that it produced certificates of analyses, certificates of testing, and executed manufacturing batch records "to the extent they exist" with respect to the lone remaining accused product, Optibumin, and with respect to non-accused rHSA products including each version of its Cellastim, Cellastim-S, Exbumin, Opti-Vero, and OptiPeak products, from its first commercial rHSA product—Cellastim,

4

first sold in 2007—through 2024. (ECF 208, at 5-6, 8.) Additionally, in response to RFP Nos. 58 and 59 respectively, InVitria says it produced annual product catalogues identifying and describing each of its rHSA products and invoices corresponding to the first sales of each rHSA product "to the extent such documents exist." (ECF 208, at 8-9.)

Therefore, it does not appear that InVitria is actually withholding requested documents on the basis of relevance. (*See*, *e.g.*, ECF 208, at 4 ("Wuhan has mischaracterized InVitria's positions and refused to acknowledge InVitria's explanations that responsive documents have been produced, that nothing is being withheld, and that documents Wuhan believes 'should' exist simply do not.").) To the extent InVitria is withholding documents on the basis of relevance, the court overrules InVitria's relevance objections.

With the relevance objection resolved, this discovery dispute boils down to three questions: (1) whether the additional documents Healthgen is seeking are within the scope of the RFPs at issue; (2) whether such documents are within InVitria's possession, custody, and control; and (3) if so, whether InVitria has already produced the requested documents.

As discussed above, the only category of documents still at issue is InVitria's developmental documents for the manufacturing process of the accused products. The court agrees with Healthgen that this category of documents falls within the scope of RFP Nos. 52 and 53. (ECF 205, at 9-10.) That said, it is difficult to tell from InVitria's objections and responses whether it is withholding any documents that are within its possession, custody, or control on the basis of those objections. For example, RFP No. 52 seeks "[a]ll technical documents, including certificates of analyses, certificates of testing, and executed manufacturing batch records, corresponding to each version or revision of the manufacturing process for each of Defendants' rHSA Products." (ECF 205-6 at 5.) InVitria's response includes a slew of objections and then

states that, "[a]fter a reasonable search, Defendants will produce non-privileged documents sufficient to show that each version or revision of the Accused Products made and sold during the relevant damages period does not practice the claims of Plaintiffs' Asserted Patents." Likewise, RFP No. 53 seeks "[d]ocuments sufficient to identify the roles and responsibilities of all persons (currently or previously employed by any Defendant) who had or have any substantive involvement or responsibilities for the following activities relating to Defendants' rHSA Products: research and development, manufacturing and development thereof, the decision to pursue development and commercialization, pricing analysis and strategy; and promotion, marketing, and launch of Defendants' rHSA Products." (ECF 205-6 at 6.) In response to this RFP, InVitria asserts only objections and does not agree to produce any responsive documents. (*Id.*) Based solely on InVitria's objections and responses to RFP Nos. 52 and 53, it appears that InVitria is not producing any responsive documents or is producing only a small subset that favorably shows it does not practice the asserted claims.

These responses are also confusing because they do not track with the arguments that InVitria made in its response to Healthgen's motion to compel. For example, Healthgen's motion to compel complains that InVitria has not produced documents describing the key aspects of how it developed the manufacturing process for the accused products or why changes were made to the process for them. Healthgen further asserts that the documents InVitria has produced to date— spec sheets, product catalogues, safety data sheets, manufacturing batch records, certificates of analysis and testing, QC testing protocols and results, production process graphics, and shareholder presentations—merely show or test the finalized iterations of the manufacturing processes without showing how iterations of the manufacturing processes were developed. (ECF 205, at 10-11.) In response to the motion, InVitria states that "the manufacturing batch records are the documents

that it keeps in the ordinary course of business that provide for every change to and iteration of its manufacturing processes." (ECF 208, at 13.) InVitria further explains that it "does not have documents that provide more granular detail as to the development of its rHSA products' manufacturing processes than its manufacturing batch records." (*Id*.) InVitria also mentions that it has "a seven-year document retention policy," but InVitria is not clear on whether the documents sought by Healthgen are subject to the policy. (*Id*. at 12.)

For these reasons, the court is left wondering whether and to what extent InVitria has produced the manufacturing process documents that Healthgen seeks. Healthgen has said that, after diligently searching InVitria's production, it has not been able to identify the documents it now seeks to compel. (ECF 205, at 2.) InVitria, on the other hand, contends that it has produced documents responsive to Healthgen's requests and no other responsive documents exist. (*See* ECF 208, at 11, 13.)

Fed. R. Civ. P. 34 does not require a party to create responsive documents if they do not exist in the first instance and the court cannot compel a party to produce documents that do not exist. If there are no more responsive documents, then there are no more responsive documents. However, InVitria's objections and responses to Healthgen's document requests are confusing as to whether InVitria has produced all responsive documents or whether some documents are being withheld based on an objection. In other words, InVitria's RFP responses do not track with the position InVitria takes in response to the motion to compel that it has made a more fulsome production than what its objections and responses suggest.

To eliminate any confusion, the court grants Healthgen's motion to compel, overrules InVitria's objections, and orders InVitria to serve supplemental written responses to RFP Nos. 52 and 53, without objection, by no later than August 29, 2025. The supplemental responses must

state that InVitria has produced all developmental documents for the manufacturing process of the accused products and unconditionally represent that no further responsive documents are in its possession, custody, or control. *See, e.g.*, *Payless Shoesource Worldwide, Inc. v. Target Corp.*, No. 05-4023-JAR, 2008 WL 973118, at *5 (D. Kan. Apr. 8, 2008) (requiring defendants to, without objection, "serve supplemental written responses to this request unconditionally representing that no [further] responsive documents are in their possession, custody, or control"); *Manning v. Gen. Motors*, 247 F.R.D. 646, 652 (D. Kan. 2007) (requiring defendant to serve supplemental written responses unconditionally representing that no responsive documents are in its possession, custody, or control). To the extent InVitria has in its possession, custody, or control any developmental documents for the manufacturing process of the accused products that it has not yet produced, InVitria must produce those documents by August 29, 2025, so that its document production aligns with its supplemental responses to the RFPs.

**IT IS THEREFORE ORDERED** that Healthgen's Motion to Compel Production of Documents (ECF 205) is granted.

**IT IS FURTHER ORDERED** that InVitria must serve supplemental written responses to RFP Nos. 52 and 53, without objection, by no later than **August 29, 2025**. The supplemental responses must state that InVitria has produced all responsive documents and unconditionally represent that no further responsive documents are in its possession, custody, or control.

**IT IS FURTHER ORDERED** that InVitria must produce all documents responsive to RFP Nos. 52 and 53 by **August 29, 2025**.

Dated August 22, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge