IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| WUHAN HEALTHGEN BIOTECHNOLOGY CORPORATION, et al., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| v. | ) ) | No. 24-4089-KHV |
| EXPRESSTEC LLC, et al., | ) ) ) | |
| Defendants. | ) ) | |
| VENTRIA BIOSCIENCE INC., | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) | No. 21-4008-KHV |
| WUHAN HEALTHGEN BIOTECHNOLOGY CORP., | ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

Defendants seek to depose Dr. Daichang Yang, who resides in Wuhan, China. Plaintiffs do not oppose the deposition, but they object to defendants' demand that Dr. Yang travel to the United States for an in-person deposition. Defendants' Motion To Compel Deposition Of Dr. Daichang Yang (Doc. #264) filed November 26, 2025 is pending before Magistrate Judge Angel D. Mitchell. This matter is before the Court on Healthgen's Unopposed Motion To Seal And Redact (Doc. #269) filed November 28, 2025 and Healthgen's Unopposed Motion To Redact (Doc. #280) filed December 9, 2025. For reasons stated below, the Court overrules both motions.

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental

public interest in understanding disputes that parties present to a public forum for resolution.  See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980).   In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties.  Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011).  The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure heavily outweighs the public interest in access to court proceedings and documents.  United States v. Bacon, 950 F.3d 1286, 1294 (10th Cir. 2020); Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012).   To do so, the party must articulate a real and substantial countervailing interest that justifies depriving the public of access to the records that inform the Court's decision-making process.  Colony Ins., 698 F.3d at 1241; see also Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements").  Countervailing interests include ensuring court records are not used for improper purposes, such as "to gratify private spite," "promote public scandal" or "serve as reservoirs of libelous statements for press consumption."  Snyder v. Acord Corp., 811 F. App'x 447, 468 (10th Cir. 2020) (quoting United States v. Hickey, 767 F.2d 705, 708 (10th Cir. 1985)).  The Court must rely on specific, rather than general, information when deciding to seal.  See Bacon, 950 F.3d at 1294.

Plaintiffs seek to seal or redact information about Dr. Yang's medical information from defendants' Motion To Compel Deposition Of Dr. Daichang Yang (Doc. #264) filed November 26, 2025, Exhibit H (Doc. #264-2) and Exhibit I (Doc. #264-3) to defendants' motion to compel, Healthgen's Response To Defendants' Motion To Compel (Doc. #267) filed November 26, 2025 and defendants' Reply In Support Of Motion To Compel Deposition Of Dr.

Daichang Yang (Doc. #272) filed December 2, 2025.

Plaintiffs ask the Court to seal and redact confidential medical records and portions of the parties' briefing which refer to Dr. Yang's hernia surgery in January of 2024 and follow-up medical appointment.  Plaintiffs assert that Dr. Yang has a general right to privacy which precludes disclosure of such information in legal documents.[1]  Plaintiffs do not identify the legal source of Dr. Yang's putative right to privacy or how it protects information that he had hernia surgery and physical limitations from such surgery.  This information is not highly sensitive.  Hernia surgery is a common medical procedure.  Dr. Yang is not a minor or otherwise vulnerable to harm from the disclosure of such limited medical information.  The Court must rely on specific rather than general information when deciding whether to seal, and plaintiffs fail to identify a specific risk of harm that disclosure of Dr. Yang's limited medical information would cause.  See Bacon, 950 F.3d

---

[1] Plaintiffs argue that the Court has a long history of granting motions to seal and redact medical information.  See Healthgen's Unopposed Motion To Redact (Doc. #280) at 2–3 (citing Hulett v. Adventhealth Shawnee Mission, No. 24-4040-TC-TJJ, 2024 WL 3677692 (D. Kan. July 29, 2024) (denying motion to seal entire record without prejudice and requiring plaintiff to identify specific documents and explain why document should be under seal or portions of it should be redacted); United States v. Fox Run Apartements, LLC, No. 23-2096-HLT-GEB, 2023 WL 8005037, at *1–2 (D. Kan. Nov. 17, 2023) (sealing records of Joseph Versola, who apparently was non-party); Riggs v. City of Wichita, No. 09-1105-EFM-KGG, 2011 WL 1527322, at *1 (D. Kan. Apr. 20, 2011) (addressing discovery of plaintiff's medical records from his providers)).  In citing these three opinions by magistrate judges, plaintiffs ignore numerous cases from the undersigned district judge which require the movant to specifically explain how disclosure of the medical information would cause harm and how any such harm outweighs the public interest in access to the judicial record.  See, e.g., Cetin v. Kan. City Kan. Cmty. Coll., No. 23-2219-KHV, 2024 WL 3494392, at *1 (D. Kan. July 22, 2024); United States v. Read-Forbes, No. CR 12-20099-01-KHV, 2023 WL 4824855, at *1 (D. Kan. July 26, 2023); King v. Bd. of Cnty. Comm'rs of Johnson Cnty., Kan., No. CV 21-2049-KHV, 2022 WL 486550, at *1 (D. Kan. Feb. 17, 2022); United States v. Carter, No. 12-20066-38-KHV, 2020 WL 4673213, at *1 (D. Kan. Aug. 12, 2020); United States v. Washington, No. 07-20090-02-KHV, 2020 WL 4673168, at *1 (D. Kan. Aug. 11, 2020).

at 1294.[2]

Dr. Yang is plaintiffs' founder and one of the named inventors on the patents at issue in this lawsuit. See Complaint (Doc. #1), ¶¶ 7, 24, 28, 32. Plaintiffs do not dispute that they previously agreed to make their witnesses (including Dr. Yang) available for deposition in the United States. Dr. Yang now refuses to travel for an in-person deposition in the United States because of his medical condition. The public has a particular interest in the information on which the Court relies in resolving defendants' motion to compel. See United States v. Pickard, 733 F.3d 1297, 1302 (10th Cir. 2013) (strong presumption in favor of public access particularly where district court uses sealed documents to determine litigants' substantive legal rights); Chadwell v. United States, No. 20-1372-JWB, 2024 WL 4298677, at *1–2 (D. Kan. Sept. 26, 2024) (plaintiff put decedent's medical conditions at issue and public has interest in information court utilizes in resolving motions).[3]

On balance, plaintiffs have not shown that Dr. Yang has any privacy interest which outweighs the public interest in access to the materials that form part of the basis of the Court's ruling on defendants' motion to compel. See Bacon, 950 F.3d at 1293; Colony Ins., 698 F.3d at

---

[2]     Cf. Doe v. Frank, 951 F.2d 320, 324 (11th Cir. 1992) (courts permit plaintiffs to proceed anonymously in cases involving mental illness and transsexuality where social stigma attached to plaintiff's disclosure sufficient to overcome presumption of open court proceedings); Doe v. Stegall, 653 F.2d 180, 183 (5th Cir. 1981) (reversing district court order denying party leave to sue anonymously based on risk of retaliatory harassment or violence if identity publicly revealed).

[3]     See also Colony Ins., 698 F.3d at 1241 (parties' interests in keeping terms of agreements confidential does not outweigh public interest in access, particularly in light of centrality of documents to adjudication of case); United States v. Carter, No. 12-20066-38-KHV, 2020 WL 4673213, at *1 (D. Kan. Aug. 12, 2020) (defendant, whom the Court sentenced to prison, filed motion for release based on medical condition and COVID-19 pandemic, so public has particular interest in what information court relies on in resolving motion); United States v. Read-Forbes, No. 12-20099-01-KHV, 2020 WL 4673216, at *1 (D. Kan. Aug. 12, 2020) (same).

1241. The Court therefore overrules plaintiffs' motions to seal and redact.

**IT IS THEREFORE ORDERED** that <u>Healthgen's Unopposed Motion To Redact</u> (Doc. #269 filed in Case No. 24-4089) filed November 28, 2025 and <u>Healthgen's Unopposed Motion To Redact</u> (Doc. #280 filed in Case No. 24-4089) filed December 9, 2025 are **OVERRULED**. **The Court directs the Clerk to unseal the following provisionally sealed documents: defendants' Motion To Compel Deposition Of Dr. Daichang Yang (Doc. #264) filed November 26, 2025, Exhibit H (Doc. #264-2) and Exhibit I (Doc. #264-3) to defendants' motion to compel, Healthgen's Response To Defendants' Motion To Compel (Doc. #267) filed November 26, 2025 and defendants' Reply In Support Of Motion To Compel Deposition Of Dr. Daichang Yang (Doc. #272) filed December 2, 2025.**

Dated this 29th day of December, 2025 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge
