IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| WUHAN HEALTHGEN BIOTECHNOLOGY CORPORATION, et al., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| v. | ) ) | No. 24-4089-KHV |
| EXPRESSTEC LLC, et al., | ) ) ) | |
| Defendants. | ) ) | |
| VENTRIA BIOSCIENCE INC., | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) | No. 21-4008-KHV |
| WUHAN HEALTHGEN BIOTECHNOLOGY CORP., | ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Invitria's Unopposed Motion To Redact Motion To Exclude Expert Testimony Of Dr. Aaron Sato And Exhibits Thereto (Doc. #298) filed December 18, 2025. For reasons stated below, the Court sustains the motion.

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that parties present to a public forum for resolution. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the

parties.  Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011).  The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents.  Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012).  To do so, the party must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process.  Id.; see also Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements").  The Court must rely on specific, rather than general, information when deciding to seal.  See United States v. Bacon, 950 F.3d 1286, 1294 (10th Cir. 2020).

Defendants ask the Court for leave to file redacted copies of their motion to exclude the testimony of Dr. Sato and Exhibits A and C to the Declaration Of Michael B. Hurd (Doc. #287-1). Plaintiffs do not oppose defendants' motion.   Defendants note that the documents reference the contents of their manufacturing batch records and other documents that describe in detail their confidential and proprietary manufacturing processes for recombinant human serum albumin ("rHSA").  Defendants have shown that due to their security measures, competitors could not otherwise access their processes and compositions.  Defendants have also specifically explained how disclosure would harm their business and financial interests, i.e. potential competitors could use the information to replicate defendants' methods for extracting and purifying rHSA from rice. Defendants propose redactions which are narrowly tailored to their asserted confidentiality interests.  On balance, defendants have shown that their interests outweigh the public interest in access to the unredacted materials that form part of the basis of this lawsuit.  See Colony Ins., 698 F.3d at 1241.  The Court therefore sustains defendants' motion to seal.

**IT IS THEREFORE ORDERED** that Invitria's Unopposed Motion To Redact Motion

To Exclude Expert Testimony Of Dr. Aaron Sato And Exhibits Thereto (Doc. #298) filed December 18, 2025 is **SUSTAINED**.  **On or before January 7, 2026, counsel shall file redacted copies of the following documents: InVitria's Motion To Exclude Expert Testimony Of Dr. Aaron Sato (Doc. #287) filed December 11, 2025, and Exhibit A (Doc. #287-2) and Exhibit C (Doc. #287-4) to the Declaration Of Michael B. Hurd (Doc. #287-1).**

Dated this 29th day of December, 2025 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
KATHRYN H. VRATIL<br>
United States District Judge