IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| WUHAN HEALTHGEN BIOTECHNOLOGY CORPORATION, et al., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| v. | ) ) | No. 24-4089-KHV |
| EXPRESSTEC LLC, et al., | ) ) ) | |
| Defendants. | ) ) | |
| VENTRIA BIOSCIENCE INC., | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) | No. 21-4008-KHV |
| WUHAN HEALTHGEN BIOTECHNOLOGY CORP., | ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on <u>Invitria's Unopposed Motion To Seal Invitria Batch Records And To Redact Memorandum In Support Of Motion For Summary Judgment, Expert Reports, And Deposition Excerpts</u> (Doc. #297) filed December 18, 2025.  For reasons stated below, the Court sustains the motion.

Federal courts have long recognized a common-law right of access to judicial records. <u>Mann v. Boatright</u>, 477 F.3d 1140, 1149 (10th Cir. 2007).  This right stems from the fundamental public interest in understanding disputes that parties present to a public forum for resolution.  <u>See</u> <u>Nixon v. Warner Commc'ns</u>, 435 U.S. 589, 599 (1978); <u>Crystal Grower's Corp. v. Dobbins</u>, 616 F.2d 458, 461 (10th Cir. 1980).  In determining whether documents should be sealed, the Court

weighs the public interest, which it presumes is paramount, against the interests advanced by the parties.  Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011).  The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents.  Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012).  To do so, the party must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process.  Id.; see also Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements").  The Court must rely on specific, rather than general, information when deciding to seal.  See United States v. Bacon, 950 F.3d 1286, 1294 (10th Cir. 2020).

Defendants ask the Court for leave to file under seal their batch records (Exhibits E1–E6, F1–F3, M1–M4, N1–N11, O1–O8, P3–P15, and Q1–Q2 to the Memorandum In Support Of InVitria's Motion for Summary Judgment (Doc. #285)) and redacted copies of the Memorandum In Support Of InVitria's Motion for Summary Judgment (Doc. #285), the infringement-related reports of the party's technical experts (Doc. ##285-5, 288 and 288-1) and excerpts from the deposition testimony of Scott Deeter (Doc. #292-17).  Plaintiffs do not oppose defendants' motion.  Defendants note that the documents describe in detail confidential and proprietary manufacturing processes which they use to extract and purify recombinant human serum albumin ("rHSA") products and the composition of extraction buffers that InVitria uses to extract crude rHSA from rice.  Defendants have shown that due to their security measures, competitors could not otherwise access their processes and compositions.  Defendants have also specifically explained how disclosure would harm their business and financial interests, i.e. potential competitors could use the information to replicate defendants' methods for extracting and purifying rHSA from rice.

Defendants propose redactions which are narrowly tailored to their asserted confidentiality interests. On balance, defendants have shown that their interests outweigh the public interest in access to the unredacted materials that form part of the basis of this lawsuit. See Colony Ins., 698 F.3d at 1241. The Court therefore sustains defendants' motion to seal.

**IT IS THEREFORE ORDERED** that Invitria's Unopposed Motion To Seal Invitria Batch Records And To Redact Memorandum In Support Of Motion For Summary Judgment, Expert Reports, And Deposition Excerpts (Doc. #297) filed December 18, 2025 is **SUSTAINED**. **On or before January 9, 2026, counsel shall file redacted copies of the following documents: Memorandum in Support Of InVitria's Motion For Summary Judgment (Doc. #285) filed December 11, 2025, Exhibit D (Doc. #285-5),  Exhibit I (Doc. #288), Exhibit J (Doc. #288-1) and Exhibit R (Doc. #292-17).  The Clerk is directed to remove the provisionally sealed designation from the following documents which shall remain sealed: Document ##285, 285-5, 285-6, 285-7, 286, 286-1 through 286-10, 288, 288-1, 288-4 through 288-9, 289, 289-1 through 289-10, 290, 290-1 through 290-6, 291, 291-1 through 291-6, 292 and 292-1 through 292-17.**

**IT IS FURTHER ORDERED** that because no party filed a timely motion to seal or redact, the Clerk shall unseal all other provisionally sealed documents (including Doc. ##285-1, 285-2, 285-3, 285-4, 287-1, 287-3, 288-2, 288-3 and 292-18 through 292-24).

Dated this 7th day of January, 2026 at Kansas City, Kansas.

             s/ Kathryn H. Vratil
             KATHRYN H. VRATIL
             United States District Judge