**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**WUHAN HEALTHGEN BIOTECHNOLOGY CORPORATION, et al.,**

**Plaintiffs,**

**v.**

**EXPRESSTEC LLC, et al.,**

**Defendants.**

**CIVIL ACTION**

**No. 24-4089-KHV**

**VENTRIA BIOSCIENCE INC.,**

**Plaintiff,**

**v.**

**WUHAN HEALTHGEN BIOTECHNOLOGY CORP.,**

**Defendant.**

**CIVIL ACTION**

**No. 21-4008-KHV**

**MEMORANDUM AND ORDER**

This matter is before the Court on Invitria's Unopposed Motion To Redact Healthgen's Summary-Judgment (ECF 307) And *Daubert* (ECF 309) Responses And To Redact And Seal Exhibits To Same (Doc. #319) filed January 18, 2026. For reasons stated below, the Court sustains the motion in part.

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that parties present to a public forum for resolution. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). In determining whether documents should be sealed, the Court

weighs the public interest, which it presumes is paramount, against the interests advanced by the parties. Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011). The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents. Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012). To do so, the party must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process. Id.; see also Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements"). The Court must rely on specific, rather than general, information when deciding to seal. See United States v. Bacon, 950 F.3d 1286, 1294 (10th Cir. 2020).

**I. Defendants' Manufacturing Processes**

Defendants ask the Court for leave to redact their memoranda and exhibits which reference confidential and proprietary manufacturing processes which they use to extract and purify recombinant human serum albumin ("rHSA") products and the composition of extraction buffers that InVitria uses to extract crude rHSA from rice. Plaintiffs do not oppose defendants' motion. Defendants have shown that due to their security measures, competitors could not otherwise access their processes and compositions. Defendants have also specifically explained how disclosure would harm their business and financial interests, i.e. potential competitors could use the information to replicate defendants' methods for extracting and purifying rHSA from rice. Defendants propose redactions which are narrowly tailored to their asserted confidentiality interests. On balance, defendants have shown that their interests outweigh the public interest in access to the unredacted materials that form part of the basis of this lawsuit. See Colony Ins., 698 F.3d at 1241. The Court therefore sustains defendants' motion to redact materials which reference

confidential and proprietary manufacturing processes which they use to extract and purify rHSA products and the composition of extraction buffers that InVitria uses to extract crude rHSA from rice.

**II. Defendants' Sales And Pricing Data**

Defendants ask the Court to redact Exhibit 6 and seal Exhibit 9 to their summary judgment response, which disclose non-public sales and pricing information. The Court previously overruled defendants' requests to seal their sales and revenue documents, which included "invoice amounts from specific InVitria customers" and "information such as InVitria's internal pricing structure, manufacturing plans, internal costs of production, and other confidential information." Defendants' Unopposed Motion To Seal Exhibits R, K, J, Q, M, And H To Plaintiffs' Motion To Compel Production Of Documents (Doc. #213) filed July 25, 2025 at 5; see Memorandum And Order (Doc. #223) at 4–5. As with defendants' prior motion, defendants have not specifically explained how disclosure of sales and pricing information would harm them or that their competitors could not otherwise obtain this information. On this record, defendants have not met the heavy burden to articulate a real and substantial interest which justifies depriving the public access to the records which inform the Court's decision process. See Colony Ins., 698 F.3d at 1242 (denying motions to seal where parties did not submit specific argument or facts indicating why confidentiality of settlement agreements outweighs presumption of public access). Accordingly, the Court overrules defendants' motion to redact Exhibit 6 and seal Exhibit 9.

**IT IS THEREFORE ORDERED** that Invitria's Unopposed Motion To Redact Healthgen's Summary-Judgment (ECF 307) And *Daubert* (ECF 309) Responses And To Redact And Seal Exhibits To Same (Doc. #319) filed January 18, 2026 is **SUSTAINED as to materials which reference confidential and proprietary manufacturing processes which they use to**

**extract and purify rHSA products and the composition of extraction buffers that InVitria uses to extract crude rHSA from rice. On or before January 29, 2026, counsel shall file redacted copies of the following documents: Healthgen's Response To Invitria's Motion To Exclude Testimony Of Dr. Aaron Sato (Doc. #307) filed January 9, 2026; Exhibits 1, 2 and 4 (Doc. ##307-2, 307-3 and 307-5) to Healthgen's Response To Invitria's Motion To Exclude Testimony Of Dr. Aaron Sato (Doc. #307) filed January 9, 2026; Healthgen's Opposition To Invitria's Motion For Summary Judgment (Doc. #309) filed January 9, 2026; and Exhibits 1, 3, 5, 11 and 12 (Doc. ##309-2, 309-4, 309-6, 309-9 and 309-10) to Healthgen's Opposition To Invitria's Motion For Summary Judgment (Doc. #309). The process of sealing and redaction and re-filing shall not operate to extend any deadlines for responses to the documents in question. All deadlines shall be calculated from the date of the original filing.**

**IT IS FURTHER ORDERED that the Clerk shall unseal the following provisionally sealed documents (Doc. ##307-4, 309-3, 309-5, 309-7 and 309-8).**

Dated this 27th day of January, 2026 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge