IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| WUHAN HEALTHGEN BIOTECHNOLOGY CORPORATION, et al., ) ) ) | | |
| Plaintiffs, ) ) | CIVIL ACTION | |
| v. ) ) | No. 24-4089-KHV | |
| EXPRESSTEC LLC, et al., ) ) ) | | |
| Defendants. ) ) | | |
| VENTRIA BIOSCIENCE INC., ) ) ) | | |
| Plaintiff, ) ) | CIVIL ACTION | |
| v. ) ) | No. 21-4008-KHV | |
| WUHAN HEALTHGEN BIOTECHNOLOGY CORP., ) ) ) ) | | |
| Defendant. ) ) | | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motion To Seal And Redact Invitria's Summary-Judgment (ECF 327) And *Daubert* (ECF 328) Replies (Doc. #335), which ExpressTec LLC and InVitria, Inc. (collectively "InVitria") filed January 30, 2026. For reasons stated below, the Court sustains the motion.

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that parties present to a public forum for resolution. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). In determining whether documents should be sealed, the Court

weighs the public interest, which it presumes is paramount, against the interests advanced by the parties.  Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011).  The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents.  Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012).  To do so, the party must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process.  Id.; see also Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements").  The Court must rely on specific, rather than general, information when deciding to seal.  See United States v. Bacon, 950 F.3d 1286, 1294 (10th Cir. 2020).

Defendants ask the Court for leave to redact their memoranda which reference confidential and proprietary manufacturing processes which they use to extract and purify recombinant human serum albumin ("rHSA") products and the composition of extraction buffers that InVitria uses to extract crude rHSA from rice.  The Court previously allowed defendants leave to seal and redact the same information from their filings.  See Memorandum And Order (Doc. #332) filed January 27, 2026.  Defendants have shown that due to their security measures, competitors could not otherwise access their processes and compositions.  Defendants have also specifically explained how disclosure would harm their business and financial interests, i.e. potential competitors could use the information to replicate defendants' methods for extracting and purifying rHSA from rice.  Defendants propose redactions which are narrowly tailored to their asserted confidentiality interests.  On balance, defendants have shown that their interests outweigh the public interest in access to the unredacted materials that form part of the basis of this lawsuit.  See Colony Ins., 698 F.3d at 1241.  The Court therefore sustains defendants' motion to redact their

reply briefs.

**IT IS THEREFORE ORDERED** that the Motion To Seal And Redact Invitria's Summary-Judgment (ECF 327) And *Daubert* (ECF 328) Replies (Doc. #335), which ExpressTec LLC and InVitria, Inc. filed January 30, 2026 is **SUSTAINED**.  **On or before February 6, 2026, counsel shall file redacted copies of the following documents:  Reply In Support Of Invitria's Motion For Summary Judgment (Doc. #327) filed January 23, 2026 and Reply In Support Of Invitria's Motion To Exclude Expert Testimony Of Dr. Aaron Sato (Doc. #328) filed January 23, 2026.  The Clerk is directed to remove the provisionally sealed designation from the following documents which shall remain sealed: Reply In Support Of Invitria's Motion For Summary Judgment (Doc. #327) filed January 23, 2026 and Reply In Support Of Invitria's Motion To Exclude Expert Testimony Of Dr. Aaron Sato (Doc. #328) filed January 23, 2026.**

Dated this 4th day of February, 2026 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge