IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **Wuhan Healthgen Biotechnology Corp., et al.,** ) | |
| ) | |
| **Plaintiff/** ) | |
| **Counterclaim Def.,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 24-4089-KHV |
| **ExpressTec LLC, et al.,** ) | |
| ) | |
| **Defendant/** ) | |
| **Counterclaim Pltf.** ) | |
| _____) | |
| ) | |
| **Ventria Bioscience Inc.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 21-4008-KHV |
| **Wuhan Healthgen Biotechnology Corp.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

In these cases, defendants/counterclaimants and consolidated plaintiffs InVitria, Inc., ExpressTec LLC, and Ventria Bioscience, Inc. (collectively, "InVitria") brought claims against Wuhan Healthgen Biotechnology Corporation and Healthgen Biotechnology Co., Ltd. (collectively, "Healthgen") for infringement of U.S. Patent No. 10,618,951 (the "'951 Patent") and U.S. Patent No. 11,492,389 (the "'389 Patent"). Magistrate Judge Angel D. Mitchell allowed InVitria to omit these claims from the Pretrial Order (Doc. #279) filed December 9, 2025 at n.11, thus effectively dismissing them, but left to this Court the issue whether the dismissal should be with or without prejudice.

-2-

This matter comes before the Court on <u>Healthgen's Motion For Entry Of Dismissal With Prejudice Of InVitria Patents</u> (Doc. #282) filed December 11, 2025. On February 3, 2026, the Court held an evidentiary hearing on this motion. For reasons stated below and at the hearing, the Court overrules Healthgen's motion for entry of dismissal with prejudice. Healthgen is not entitled to an order requiring InVitria to dismiss its claims with prejudice, and InVitria is not entitled to dismiss its claims without prejudice. The Court therefore dismisses with conditions InVitria's infringement claims in Case No. 21-4008 on the '951 Patent and its infringement counterclaim in Case No. 24-4089 on the '389 Patent.

As noted at the hearing, over many years, in various venues, both sides have contributed to excessive cost and delay in never-ending litigation over these patents. InVitria's stated reasons for dismissing its infringement claims, at the time it did, are not credible and suggest that these dismissals were tactical in nature. Although InVitria announced on August 5 and 8, 2025 that it had plans to withdraw its claims, it did not formally drop them until December 9, 2025, when Judge Mitchell finalized the Pretrial Order. In the meantime, InVitria inflicted further litigation expense and motion practice on Healthgen and the Court. Trial is set for March 9, 2026. Discovery has closed, claim construction is complete, experts have been retained and the proceedings are far advanced. See <u>Lipari v. US Bancorp NA</u>, C.A. No. 07-2146-CM, 2008 WL 5119845, at *2 (D. Kan. Nov. 26, 2008); <u>see also</u> <u>Ohlander v. Larson</u>, 114 F.3d 1531, 1537 (10th Cir. 1997). Healthgen also bears responsibility for unnecessary delay and expense, dubious litigation strategy, and tactical obstruction and delay in seeking a resolution of these claims.

## **Legal Standard**

After the opposing side answers, an action shall not be dismissed at claimant's instance save upon order of the Court and upon such terms and conditions as the Court deems proper.

Fed. R. Civ. P. 41(a).[1]  Dismissal under Rule 41(a)(2) is within the sound discretion of the Court. See Phillips USA, Inc. v. Allflex USA, Inc., 77 F .3d 354, 357 (10th Cir. 1996).  In exercising that discretion, the Court must consider the purposes of Rule 41(a)(2).  The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to allow the Court to impose curative conditions.  See id.  (citing 9 C. Wright and A. Miller, Federal Practice and Procedure § 2364 (2d ed.1994) at 279).  Under Rule 41(a)(2), the Court has discretion to dismiss an action without prejudice upon such terms and conditions as the court deems proper.  Am. Nat'l Bank & Trust Co. v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir.1991).

When considering a motion to dismiss without prejudice, "the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties."  Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir.1993).  Courts generally allow dismissal without prejudice unless defendant will suffer plain legal prejudice.  Wimber v. Dep't of Soc. & Rehab. Servs., 156 F.R.D. 259, 261 (D. Kan. 1994); see also Clark, 13 F.3d at 1411.  The Tenth Circuit has set out factors for courts to consider in determining whether to grant a motion to dismiss without prejudice: (1) defendant's efforts and funds expended towards preparing for trial; (2) plaintiff's

---

[1]  InVitria argued that Healthgen's motion is procedurally improper because it was brought under Rule 41(a)(2).  Rule 41(a)(2) applies to dismissals of "actions," i.e. all remaining claims.  The proper course to dismiss part of an action is to seek leave to amend the complaint or the pretrial order depending on the stage of the litigation.  See 8 James Wm. Moore et al., Moore's Federal Practice § 41.21[2] (3rd ed.1997); In re Wyoming Tight Sands Antitrust Cases, 128 F.R.D. 121, 123 (D.Kan.1989).

The Court nevertheless finds that the standards for a Rule 15(a) motion to amend (which deletes claims asserted earlier) and a Rule 41(a)(2) motion are substantially the same.  See Moore's Federal Practice § 41.21[2] at 41–33 (both motions are addressed to discretion of court, require that leave be granted freely unless defendant is prejudiced, and permit court to impose curative conditions if leave granted).  In this case, the Court would reach the same result whether InVitria's request for dismissal and Healthgen's motion are construed under Rule 15(a), Rule 41(a)(2) or the Court's inherent authority.

undue delay or lack of diligence in prosecuting the action; (3) the adequacy of plaintiff's explanation for needing to dismiss; (4) plaintiff's diligence in moving to dismiss; (5) the present stage of litigation; and (6) duplicative expenses involved in a likely second suit.  See Nunez v. IBP, Inc., 163 F.R.D. 356, 359 (D. Kan. 1995); see also Clark, 13 F.3d at 1411.  Neither the mere prospect of a second lawsuit nor a tactical advantage to plaintiff amounts to legal prejudice.  See Am. Nat'l Bank & Trust Co., 931 F.2d at 1412.  For dismissal to be appropriate, all factors need not be resolved in favor of the moving party; likewise, for dismissal to be inappropriate, all factors need not be resolved in favor of the party opposing it.  See United States v. Outboard Marine Corp., 789 F.2d 497, 502 (7th Cir.1986).  Further, the factors are not exclusive; they are merely guides for the district court.  See Phillips USA, Inc., 77 F.3d at 357–58.

Healthgen has incurred significant effort and expense in litigating this case.  InVitria's stated reason for withdrawing its claims (to conserve resources) lacks credibility, especially because during the same time, in August of 2025, it did not even respond to a settlement offer from Healthgen.  Here, however, neither party has clean hands.  Accordingly, a dismissal with prejudice would be unfair to InVitria and a dismissal without prejudice would be equally unfair to Healthgen.

Because Healthgen will suffer manifest and substantial injustice if the claims are dismissed without prejudice, virtually on the eve of trial, conditions are warranted.  Accordingly, the Court finds that InVitria should be allowed to dismiss its '951 and '389 patent infringement claims on the following conditions:

(1) If InVitria reasserts these claims against Healthgen in any future lawsuit, the claims must be brought in the U.S. District Court for the District of Kansas and they will be assigned to the undersigned Judge;

(2) all discovery conducted in this case will be available to both parties in the new case

and duplicative discovery will not be allowed;

(3) all Markman and claim construction rulings will remain binding;

(4) all rulings, including protective orders, confidentiality orders and orders to seal or redact will be reinstated on the refiling of any claim;

(5) InVitria will pay Healthgen all court costs, expert fees, attorneys fees and expenses which are attributable to re-litigation of these infringement claims; and

(6) If InVitria fails to timely make any payments which the Court orders in the refiled case, the Court shall stay the refiled case until InVitria makes payment in full and the Court may also modify its judgments in Case No. 24-4089 and Case No. 21-4008 to stipulate that those dismissals are converted from dismissals on conditions to dismissals with prejudice.

If these conditions seem too onerous, InVitria may proceed to trial on the claims or dismiss them with prejudice. 9 Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 2366 (2018); Rule 41(a)(2) Fed. R. Civ. P.  Acceptance of the Court's terms must be voluntary, however, so InVitria must have an opportunity to consider its options before making its decision.  Paysys Int'l, Inc. v. Atos IT Servs. Ltd., 901 F.3d 105, 109 (2d Cir. 2018)(quoting Marlow v. Winston & Strawn, 19 F.3d 300, 305 (7th Cir. 1994)).  In short, InVitria has the choice between accepting the conditions and obtaining dismissal on conditions, or if it believes that the conditions are too burdensome, proceed to trial on the claims or voluntarily dismiss them with prejudice.  GAF Corp. v. Transamerica Ins. Co., 665 F.2d 364, 367–68 (D.C. Cir. 1981).

**IT IS THEREFORE ORDERED** that Plaintiff/Counterclaim Defendant Healthgen's Motion For Entry Of Dismissal With Prejudice Of InVitria Patents (Doc. #282) filed December 11, 2025 is **OVERRULED.**

**IT IS FURTHER ORDERED** that **no later than 5:00 p.m. on Monday, February 9, 2026 InVitria file a formal acceptance of the foregoing conditions on dismissal.  If InVitria does not formally accept such conditions, its claims will proceed to trial commencing March 9, 2026 at 9:00 a.m.**

Dated this 4th day of February, 2026 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
