IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **Wuhan Healthgen Biotechnology Corp., et al.,** | ) |
| Plaintiff/Counterclaim Def., | ) |
| v. | ) CIVIL ACTION |
| **ExpressTec LLC, et al.,** | ) No. 24-4089-KHV |
| Defendant/Counterclaim Pltf. | ) |
| **Ventria Bioscience Inc.,** | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION |
| **Wuhan Healthgen Biotechnology Corp.,** | ) No. 21-4008-KHV |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

In these cases, plaintiff/counterclaim defendant Wuhan Healthgen Biotechnology Corporation and Healthgen Biotechnology Co., Ltd. (collectively, "Healthgen") designated Dr. Daichang Yang pursuant to Rule 26(a)(1)(A)(i) as an individual with discoverable knowledge and as its corporate representative.

This matter comes before the Court on Healthgen's Motion For Leave To Supplement Rule 26(a)(1) Initial Disclosures (Doc. #336) filed January 30, 2026, which asks to substitute Dr. Cliff Yang for Dr. Daichang Yang, his father, as a witness and corporate representative at trial. On February 3, 2026, the Court held oral argument on this motion. At that time, the Court sustained

the motion in part and allowed Dr. Cliff Yang's testimony at the evidentiary hearing, but withheld judgment on whether he may testify at trial. For reasons stated below, the Court now sustains the balance of Healthgen's motion in part. It finds that the late addition of Dr. Cliff Yang would prejudice defendants/counterclaimants InVitria, Inc., ExpressTec LLC and Ventria Bioscience, Inc. (collectively, "InVitria") and therefore will not allow him to testify at trial. Dr. Cliff Yang will be allowed to serve as corporate representative, however, for Healthgen. See Hearing Transcript (Doc. #343) filed February 6, 2026 at 5.

## Factual Background

On June 18, 2025, Magistrate Judge Angel D. Mitchell ordered the parties to complete all discovery by November 4, 2025. Third Amended Scheduling Order (Doc. #184).

In its initial disclosures under Fed. R. Civ. P. Rule 26(a), Healthgen designated Dr. Daichang Yang, Healthgen's CEO and founder, to be its corporate representative and to testify at trial. It described his subject matter knowledge as "design and development of the invention disclosed in the '100, '984, '926 patents; design and development of Healthgen's recombinant human serum albumin (rHSA) products." See Ex. A (Doc. #260-11) filed November 11, 2025 at 2.

During a discovery conference on October 29, 2025, Healthgen argued that Dr. Daichang Yang could not travel to the United States due to his health and lack of a travel visa, which it had not started the process to obtain. Order (Doc. #245) at 1–2. On November 26, 2025, Healthgen further argued to the Court that Dr. Daichang Yang should not be forced to travel for deposition in the United States, because he is a 71- year-old man who lives in Wuhan, China, and suffers from recurrent abdominal bloating and discomfort due to inguinal hernia surgery which occurred in February of 2024. Response To Motion To Compel Deposition Of Dr. Daichang Yang (Doc.

#267) filed November 26, 2025 at 1.  In connection with that response, Healthgen first mentioned Dr. Cliff Yang, in a footnote describing that he would be Healthgen's representative in an upcoming settlement conference.  Id. at 5 n. 5.

On January 5, 2026, Healthgen disclosed to InVitria that it planned to substitute Dr. Cliff Yang for Dr. Daichang Yang.  It filed the present motion to supplement its Rule 26(a) disclosures on January 30, 2026, 25 days later.

On January 14, 2026, due to his health issues, Magistrate Judge Angel D. Mitchell denied InVitria's motion to compel Dr. Daichang Yang to travel to the United States.  Order (Doc. #316).

## Legal Standard

Rule 26 requires that "a party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i).  The purpose of Rule 26(a) disclosures is to "allow the opposing party a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Fairchild v. Peak Med. Corp., 2010 WL 845974, *8 (N.D. Okla. 2010) (granting motion to exclude witnesses).

Rule 37 provides, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The Court considers four factors in determining whether the failure to comply is substantially justified or harmless: (1) the prejudice or surprise to the party against whom the

testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.  See ClearOne Commc'ns, Inc. v. Biamp Sys., 653 F.3d 1163, 1176 (10th Cir. 2011).

## Analysis

Healthgen failed to timely identify Dr. Cliff Yang as a witness.  His first mention as a witness came on January 5, 2026, two months after discovery closed and two months before trial.  Healthgen did not move to supplement its disclosure until January 30, 2026, a mere **five weeks** before trial.

This delay was not justified, Dr. Daichang Yang's health issues go back to February of 2024, with hernia surgery from which he apparently has never fully recovered.  Healthgen's Motion (Doc. #336) at 4.  In October of 2025, Healthgen argued to the Court that Dr. Daichang Yang could not travel to the U.S. for his deposition, yet it did not file this motion to amend its required disclosures until three months later.  Healthgen offers no satisfactory explanation for this delay; it merely details subsequent medical documentation from November of 2025.  Further, as late as October 29, 2025, Healthgen had not sought a travel visa for Dr. Daichang Yang (Doc. #245 at 2) which suggests that Healthgen knew even then that Dr. Daichang Yang was not going to testify at trial.

InVitria would be prejudiced by Dr. Cliff Yang's late designation as a trial witness.  Healthgen's proposed Rule 26(a) disclosure shows no overlap between the subject matter knowledge of Dr. Daichang Yang and Dr. Cliff Yang.  Dr. Cliff Yang's proposed testimony is on "Healthgen, its business, corporate organization, sales, employees, products, operation, and marketplace," while Dr. Daichang Yang's knowledge was specifically for the patents–at–issue and the rHSA products.  Plaintiff's Supplemental Rule 26(a)(1) Initial Disclosures (Doc. #336-4) filed

January 30, 2026, at 4.  Further, no fact witnesses previously disclosed the subjects on which Dr. Cliff Yang is proposed to testify.  In other words, Dr. Cliff Yang is a completely new witness and not a "substitute" Dr. Daichang Yang or anyone else.

InVitria has been deprived of the opportunity to conduct discovery from Dr. Cliff Yang.  Healthgen's eleventh-hour offer to allow a deposition of Dr. Cliff Yang in early January did not alleviate this prejudice so close to trial.  Further, Healthgen will not be prejudiced if Dr. Cliff Yang cannot testify in lieu of Dr. Daichang Yang.  Every aspect of Dr. Daichang Yang's subject knowledge disclosure is covered by Healthgen's other witnesses: Dr. Yang He, Dr. Guangfei Li, Dr. Jingru Liu, Bo Shi, Qianni Shi, Jiquan Ou and Jing Cao.  Id. at 2–3.

In short, because Healthgen's failure to identify Dr. Cliff Yang was neither substantially justified nor harmless under Rule 37, Healthgen cannot offer him as a witness for trial.  InVitria does not oppose Healthgen's motion to designate Dr. Cliff Yang as its corporate representative at trial.

**IT IS THEREFORE ORDERED** that Plaintiff/Counterdefendant's Motion For Leave To Supplement Rule 26(a)(1) Initial Disclosures (Doc. #336) filed January 30, 2026 is **SUSTAINED in part.**  Healthgen cannot use Dr. Cliff Yang as a witness at trial, but he may be present as Healthgen's corporate representative.

Dated this 19th day of February, 2026 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge