# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| Wuhan Healthgen Biotechnology Corp., et al.,<br><br>　　　　　　　　　Plaintiff/<br>　　　　　　　　　Counterclaim Def.,<br><br>v.<br><br>ExpressTec LLC, et al.,<br><br>　　　　　　　　　Defendant/<br>　　　　　　　　　Counterclaim Pltf. | CIVIL ACTION<br><br>No. 24-4089-KHV |
| Ventria Bioscience Inc.,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>Wuhan Healthgen Biotechnology Corp.,<br><br>　　　　　　　　　Defendant. | CIVIL ACTION<br><br>No. 21-4008-KHV |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Motion For Attorney's Fees (Doc. #404) filed March 19, 2026 by ExpressTec LLC and InVitria, Inc. (f/k/a Ventria Bioscience Inc.) (collectively, "InVitria").  InVitria seeks $950,000 in attorney's fees, non-taxable costs and expenses defending claims of patent infringement by Wuhan Healthgen Biotechnology Corp. and Healthgen Biotechnology Co., Ltd. (collectively, "Healthgen").  See id. at ¶ 8.  For reasons stated below, the Court overrules InVitria's motion.

## Background

On February 19, 2025, the Court overruled InVitria's motion for judgment on the

pleadings.  On February 4, 2026, it overruled Healthgen's motion for dismissal with prejudice. Those orders recite the background facts.  Over many years, in various venues, both sides have contributed to excessive cost and delay in never-ending litigation over the parties' patents.

During the pretrial conference, InVitria withdrew all of its remaining patent infringement claims against Healthgen.[1]  See Pretrial Order (Doc. #279) filed December 9, 2025 at 68.  The Court ruled that InVitria could withdraw its patent infringement claims without prejudice but placed strict conditions if InVitria ever attempted to reassert its claims, because the timing and stated reason of its withdrawal suggested that it was tactical in nature.  Memorandum And Order (Doc. #339) filed February 4, 2026.

On February 3, 2026, the parties negotiated settlement terms.  InVitria proposed a framework which would resolve all remaining claims and counterclaims, including mutual releases, mutual covenants not to sue and a payment to Healthgen.  On February 5, 2026, Healthgen accepted InVitria's proposed terms.   On February 9, 2026, InVitria informed the Court that the parties had reached an agreement in principle.  While drafting the settlement agreement, InVitria added terms that Healthgen found unacceptable and outside the agreement in principle.  On February 16, 2026, Healthgen filed its Motion To Enforce Settlement Agreement And Dismiss (Doc. #351), asking the Court to enforce the agreement in principle.  On February 24, 2026, before the Court ruled on that motion, Healthgen filed a joint Stipulation Of Dismissal (Doc. #379) which dismissed all of its remaining claims with prejudice.  On March 3, 2026, the Court found that it lacked jurisdiction to rule on Healthgen's motion to enforce settlement, since the stipulation of dismissal extinguished the case or controversy.  See Transcript Of Telephone Status

---

[1]    InVitria originally asserted infringement of the '951 Patent in Case No. 21-4008. It asserted infringement of the '389 Patent as a counterclaim in Case No. 24-4089.

Conference (Doc. #396).

## Legal Standard

Under 35 U.S.C. § 285, on a specific finding of exceptional circumstances, the Court has discretion to award attorney's fees to the prevailing party of a patent action.  "Exceptional circumstances" include "inequitable conduct during prosecution of a patent, misconduct during litigation, vexatious or unjustified litigation, or a frivolous suit."  Bayer Aktiengesellschaft v. Duphar International Research B.V., 738 F.2d 1237, 1242 (Fed. Cir. 1984).  A case is exceptional where, considering the totality of the circumstances, it stands out from others with respect to the substantive strength of a party's litigating position—considering both the governing law and the facts of the case—or the unreasonable manner in which the case was litigated.  Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 554 (2014).  In considering the totality of circumstances, a district court may weigh factors such as frivolousness, motivation, objective unreasonableness and the need to advance considerations such as compensation and deterrence. Id. at 554 n.6 (citation omitted).  While Section 285 grants the Court broad discretion, it is not unbridled and only a limited universe of circumstances warrants a finding of exceptionality in a patent case.  Wedgetail, Ltd. v. Huddleston Deluxe, Inc., 576 F.3d 1302, 1304 (Fed. Cir. 2009).

## Analysis

InVitria asks the Court to award $950,000 in attorney's fees, nontaxable costs and expenses incurred defending claims of patent infringement asserted by Healthgen.  It argues that since Healthgen dismissed all of its claims with prejudice, it is the prevailing party.  It also argues that this case is exceptional because of Healthgen's unreasonable and vexatious conduct throughout the litigation, including (1) failing to adequately investigate its infringement claims before filing its complaint, (2) failing to set out competent infringement contentions, (3) knowingly ignoring

InVitria's manufacturing batch records and Dr. Weber's declaration that proved noninfringement and (4) waiting to withdraw its claims until two weeks before trial.  In response, Healthgen argues that InVitria is not the prevailing party because the parties entered into a settlement agreement and that the case is not exceptional because its infringement claims and conduct were reasonable throughout the litigation.

The Court need not address whether InVitria is a prevailing party, because this is not an exceptional case.  Relative to the conduct of InVitria, Healthgen's conduct is not so egregious for this case to "stand out" or warrant an attorney's fee of $950,000 to InVitria.  See Octane Fitness, 572 U.S. at 554.  Healthgen's claims were sufficiently supported to survive a Rule 12(c) judgment on the pleadings motion, a Daubert challenge and summary judgment.  At those times, the Court did not find that Healthgen's claims were frivolous or objectively unreasonable, and it declines to do so now.  Further, the record does not support a finding that relative to InVitria, Healthgen behaved frivolously or in an objectively unreasonable manner.  Here, both parties share responsibility for unnecessary delay and expense, dubious litigation strategy and tactical obstruction in seeking resolution of their claims.  This case was exceptional in the degree to which both parties abused the litigation process, but Section 285 was not enacted to address that variety of "exceptionality."

**IT IS THEREFORE ORDERED** that InVitria's Motion For Attorney's Fees (Doc. #404) filed March 19, 2026 is **OVERRULED**.

Dated this 27th day of July, 2026 at Kansas City, Kansas.

/s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

-4-